NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAND TARZANA SURGICAL INSTITUTE, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF ILLINOIS, <br><br> Defendant-Appellee. | Nos. 20-55072 <br><br> D.C. No. 2:18-cv-08443-DSF-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 15, 2021[**]
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District
Judge.

Brand Tarzana Surgical Institute, Inc. ("Brand") appeals the dismissal with

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

prejudice of its ERISA action for failure to state a claim.[1]  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6)."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).

We take note of *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs.*, Case No. 19-55412, which Brand identified in its Statement of Related Cases, and which raises "the same or closely related issues."  *See* Ninth Circuit Rule 28-2.6.  Though we are not bound by the outcome in that case, we find that the complaint at issue here, identical in many respects to the complaint in *Glendale*, also suffers from the same defects.  *See Glendale Outpatient Surgery Ctr. v. United Healthcare Servs.*, 805 F. App'x 530, 531 (9th Cir. 2020).  Brand fails to allege that the plans at issue for its sixteen claims here are even ERISA plans, and fails to allege provisions in those plans, or communications from Defendant, that would entitle Brand to the reimbursements it claims.  *See Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020).  Brand's description of what it was "typically" told by Defendant is not "enough to raise a right to relief above the speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Finally, that Brand's complaint involves multiple claims does not excuse it

---

[1]     Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

from its obligation to allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* (internal citation omitted). Because the complaint does not "show[] that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), the district court's dismissal with prejudice is **AFFIRMED**.